IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHNNY LEE WELCH,

    Plaintiff,

v.                                                                 CASE NO. 1:14-cv-111-MP-GRJ

ASSISTANT STATE ATTORNEY
DARLA WHISTLER,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court for screening of Doc. 1, a *pro se* civil rights Complaint. Plaintiff has been granted leave to proceed as a pauper by separate order.

Plaintiff is a state prisoner presently confined at Walton CI pursuant to Levy County convictions in March 2011 for controlled-substance offenses. The instant Complaint stems from postconviction proceedings in Plaintiff's criminal case. Plaintiff contends that Assistant State Attorney Darla Whistler, the Defendant in this case, sent Plaintiff's lawyer an email regarding a conversation that Defendant had with a witness in Plaintiff's postconviction hearing. Plaintiff contends that Defendant's email described statements that the witness made at a deposition. At the hearing, however, the witness testified that he had not spoken to Defendant. Plaintiff contends that Defendant committed fraud in the evidentiary hearing "or allowed the witness to testify falsely." Plaintiff seeks monetary damages against Defendant in the amount of $700,000. Doc. 1.

Plaintiff's claim for monetary damages against the state prosecutor for actions

taken in connection with Plaintiff's criminal case is barred by the immunity doctrine. The Supreme Court has recognized that the judicial function and prosecutorial function are cloaked with absolute immunity, with certain narrow exceptions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). ("Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process."); *Barr v. Gee*, No. 11–10104, 2011 WL 3585815, at *8 (11th Cir Aug. 16, 2011)(per curiam) ("A prosecutor is absolutely immune from suit for all actions that he takes while performing his function as an advocate for the government."). Here, Plaintiff's claims against Defendant Whistler are clearly barred by the doctrine of prosecutorial immunity and are due to be dismissed with prejudice.

Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint if it is "(1) frivolous . . . or (2) seeks monetary relief from a defendant who is immune from such relief." Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. In this case, it is clear that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief in a civil rights complaint, and amendment would be futile.

The Complaint presents an additional ground for dismissal. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Plaintiff

disclosed no prior cases.  The Court takes judicial notice of *Welch v. Walton CI*, Case No. 3:13-cv-430-LC-CJK, Doc. 8 (N.D. Fla. 12/9/13), in which the Court dismissed Plaintiff's complaint for abuse of the judicial process because Plaintiff had failed to fully disclose another prior case, *Welch v. Hazeleaf*, Case No. 1:09-cv-146.  The dismissal of Plaintiff's complaint for abuse of the judicial process counts as a "strike" pursuant to 28 U.S.C § 1915(g).  The Court has confirmed that the Plaintiff in this case is the same Plaintiff as in the previous cases, having the same DOC inmate number (G05492).

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A because the Complaint is frivolous and because Plaintiff seeks monetary relief against a defendant who is immune from suit. Such dismissal will count as a "strike" pursuant to 28 U.S.C § 1915(g).  If Plaintiff accumulates three strikes, he will be barred from proceeding *in forma pauperis* in a civil case in federal court, absent a showing that he is under imminent danger of serious physical injury.  28 U.S.C § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this 7th day of November 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.