IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHNNY LEE WELCH,

    Plaintiff,

v.                                        CASE NO. 1:14-cv-00111-MP-GRJ

ASSISTANT STATE ATTORNEY
DARLA WHISTLER,

    Defendant.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated November 7, 2014. (Doc. 6). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed. Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted, with the following additional observations.

After determining that Plaintiff's instant civil rights claim for monetary damages against an assistant state prosecutor is frivolous and barred by the prosecutorial immunity doctrine, the Magistrate Judge reported that "[t]he Complaint presents an additional ground for dismissal. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Plaintiff disclosed no prior cases." Doc. 6 at 2–3. The Magistrate Judge then took judicial notice of *Welch v. Walton CI*, Case No. 3:13-cv-00430-LC-CJK, Doc. 8 (N.D. Fla. Dec. 9, 2013), a case from the Pensacola Division of the Northern District of Florida "in which the

Court dismissed Plaintiff's complaint for abuse of the judicial process because Plaintiff had failed to fully disclose another prior case, *Welch v. Hazeleaf*, Case No. 1:09-cv-146." *Id.* at 3. The *Welch v. Walton CI* case involved a claim of denial of access to the correctional institution's law library. *See Welch*, Case No. 3:13-cv-00430-LC-CJK, Doc. 6 (N.D. Fla. Nov. 22, 2013) (report and recommendation). The *Welch v. Hazeleaf* case, which was brought in the Gainesville Division of the Northern District of Florida, involved a claim of Eighth Amendment violations by Officer Hazeleaf, including excessive force. *See Welch v. Hazeleaf*, Case No. 1:09-cv-00146-MP-GRJ, Doc. 23 (N.D. Fla. April 7, 2010).

A review of Plaintiff's instant civil rights complaint form, however, shows that Plaintiff did in fact at least attempt to disclose both the *Welch v. Walton CI* and *Welch v. Hazeleaf* cases. At Section IV.D. of the form, Plaintiff checked "Yes" when asked whether he had initiated actions, other than those previously listed in the form, in either state or federal court relating to the fact or matter of his imprisonment or the conditions of his imprisonment. Doc. 1 at 6. When asked to describe each such action in Section IV.E., Plaintiff described two separate federal cases, one out of Pensacola, the other out of the "Gainesville District." *Id.* Concerning the case in Pensacola, Plaintiff indicated that the Docket Number was 3:13-cv-430/LC/CJK, the parties to the action were Johnny Welch and Walton Correctional Institution, and the basis of the action was an issue concerning access to the law library. Concerning the case in Gainesville, Plaintiff wrote the phrase "don't have info" regarding the Docket Number. However, Plaintiff indicated that the parties to the action were Johnny Welch and Officer Hazeleaf and the basis of the action was an issue concerning excessive force. *Id.*

Although incomplete, the information provided by Plaintiff clearly serves as an attempt to disclose both the *Welch v. Walton CI* and the *Welch v. Hazeleaf* cases. By providing the case

number for the *Welch v. Walton CI* case, Plaintiff fully disclosed at least one prior case.  Thus, the Magistrate Judge's finding that "Plaintiff disclosed no prior cases" on the instant civil rights complaint form is inaccurate and must be rejected.  Doc. 6 at 2–3.

Regardless, the substantive grounds for dismissal under 28 U.S.C. § 1915A recognized in the Report and Recommendation still stand and are fully adopted by the Court.  As the Magistrate Judge correctly found, this case must "be dismissed with prejudice pursuant to 28 U.S.C. § 1915A because the Complaint is frivolous and because Plaintiff seeks monetary relief against a defendant who is immune from suit."  Doc. 6 at 3.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (doc. 6) is adopted and incorporated by reference in this order.

2. This case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A because the Complaint is frivolous and Plaintiff seeks monetary relief against a defendant who is immune from suit.

3. This dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will be barred from proceeding *in forma pauperis* in a civil case in federal court, absent a showing that he is under imminent danger of serious physical injury.

**DONE AND ORDERED** this   *11th* day of December, 2014

                                    *s/Maurice M. Paul*
                                    Maurice M. Paul, Senior District Judge